# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **DAVID AMSLER, ROBERTO AVILA, JOSE BENITEZ, DUSTIN BOOKHOUT, ROLANDO CASTRO, CHACE CORBETT, GREG GAMBY, DUSTIN GUTKOWSKI, DAMON HODGE, ROBBY KARL, LINDSEY ALLENTIA LLOYD, JACOB MARTIN, CHRIS MAYS, HERMAN MCCORD, COLIN PADILLA, PHILIP POLLARD, BRENTON ROBINSON, WALTER A. RUSH, III, TIM SPICER, ANTHONY TATE, JEFFREY VOTAW, AND TERRY WATSON ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED** | § § § § § § § § § § § § § § § | **CIVIL ACTION NO:** <br><br> **1:16-cv-01121** <br><br> **JUDGE** <br><br><br> **MAGISTRATE JUDGE** |
| *Plaintiffs* <br> **v.** <br><br> **FT FITNESS OPCO, LLC, TXFF1 LLC, TXFF2 LLC, TXFF3 LLC, TXFF4 LLC, TXFF5 LLC, TEXAS FAMILY FITNESS 6 LLC, TXFF7 LLC, TEXAS FAMILY FITNESS 8 LLC, TXFF9 LLC, TEXAS FAMILY FITNESS 10 LLC, TEXAS FAMILY FITNESS 11 LLC, TEXAS FAMILY FITNESS OF CARROLLTON LLC, TEXAS FAMILY FITNESS OF MESQUITE LLC, TXFFPE LLC, AND TEXAS FAMILY FITNESS OF WHITE ROCK LLC** | § § § § § § § § § § § § § § § § § § § | **COMPLAINT** <br><br> **COLLECTIVE ACTION FOR CLAIMS UNDER FAIR LABOR STANDARDS ACT [29 U.S.C. § 201 ET SEQ.]** |
| *Defendants* | § | **STATE OF TEXAS** |

## COMPLAINT

Plaintiffs, **DAVID AMSLER, ROBERTO AVILA, JOSE BENITEZ, DUSTIN BOOKHOUT, ROLANDO CASTRO, CHACE CORBETT, GREG GAMBY, DUSTIN**

-1-

**GUTKOWSKI, DAMON HODGE, ROBBY KARL, LINDSEY ALLENTIA LLOYD, JACOB MARTIN, CHRIS MAYS, HERMAN MCCORD, COLIN PADILLA, PHILIP POLLARD, BRENTON ROBINSON, WALTER A. RUSH, III, TIM SPICER, ANTHONY TATE, JEFFREY VOTAW, AND TERRY WATSON** (collectively "Plaintiffs"), on behalf of themselves and all similarly situated as specifically referenced herein, allege as follows:

## I.    JURISDICTION

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under the laws of the United States.  Specifically, the claim arises under the Fair Labor Standards Act of 1938, 29 U .S.C. §§ 201 *et seq.* ("FLSA").

## II.    VENUE

2.    Venue is proper pursuant to 28 U.S.C. §1391(b) because the Defendants are domiciled in this District or a substantial part of the events or omissions giving rise to this claim occurred in this District.

3.    Plaintiffs are and/or formerly were General Managers and Assistant General Managers (hereinafter collectively "Managers"), and Sales Counselors and Personal Trainers (hereinafter collectively "Personal Trainers") who have worked unpaid overtime hours for Defendants, **FT FITNESS OPCO, LLC**, **TXFF1 LLC**, **TXFF2 LLC**, **TXFF3 LLC**, **TXFF4 LLC**, **TXFF5 LLC**, **TEXAS FAMILY FITNESS 6 LLC**, **TXFF7 LLC**, **TEXAS FAMILY FITNESS 8 LLC**, **TXFF9 LLC**, **TEXAS FAMILY FITNESS 10 LLC**, **TEXAS FAMILY FITNESS 11 LLC**, **TEXAS FAMILY FITNESS OF CARROLLTON LLC**, **TEXAS FAMILY FITNESS OF MESQUITE LLC**, **TXFFPE LLC**, **TEXAS FAMILY FITNESS OF WHITE ROCK LLC** (hereinafter collectively "TEXAS FAMILY FITNESS"), in the operation and maintenance of the

Defendants' health and fitness clubs.

4.     Plaintiffs have worked for the Defendants and are informed and believe that the Defendants own and operate health and fitness clubs in the States of Texas and Kansas.

5.     Plaintiffs bring these claims individually and as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), on behalf of Managers and Trainers, none of which positions are exempt from the overtime provisions of the FLSA (hereinafter "FLSA Collective Members").

6.     Plaintiffs allege, on behalf of themselves and all similarly situated Managers and Trainers, that the Defendants unlawfully classified them as exempt from overtime payments under Federal and State laws and/or failed and refused to pay overtime payments to Plaintiffs and the proposed FLSA Collective Members for all overtime worked, notwithstanding that the Plaintiffs and the proposed FLSA Collective Members are not and were not exempt and are and have been entitled to overtime pay for all overtime worked, and further that the Defendants failed to record and maintain time records of hours worked by the Managers and Trainers as required by law.

7.     Plaintiffs allege that the Defendants' practices violated and continue to violate the FLSA, 29 U.S.C. §§201, 27, *et seq.*  Plaintiffs further allege that the collective action claims are for overtime compensation, punitive damages, liquidated damages,  interest, and attorneys' fees and costs under the FLSA 29 U.S.C. §207 and 216(b).

8.     Plaintiffs allege that the Defendants' acts were in accordance with and represent their official policies or those whose edicts or acts may fairly be said to represent the official policies of the Defendants.

9.     Plaintiffs allege that the Defendants willfully committed, ordered, directed,

supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts complained of herein.

### III.   PARTIES

#### A.   Plaintiffs

10.    Plaintiff, DAVID AMSLER, is a resident of Plano, Texas, and was employed by TEXAS FAMILY FITNESS from on or about April 19, 2011to on or about December 2015, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager, Assistant General Manager and/or Sales Counselor. As a General Manager, Assistant General Manager and/or Sales Counselor, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

11.    Plaintiff, ROBERTO AVILA, is a resident of Lewisville, Texas,  and was employed by TEXAS FAMILY FITNESS from on or about August 15, 2012 to on or about march 31, 2016, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked

-4-

in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

12. Plaintiff, JOSE BENITEZ, is a resident of Dallas, Texas, and was employed by TEXAS FAMILY FITNESS from on or about June 2015 to on or about October 2, 2015, at a TEXAS FAMILY FITNESS located in the State of Texas as an Assistant General Manager. As an Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

13. Plaintiff, DUSTIN BOOKHOUT, is a resident of Frisco, Texas, and was employed by TEXAS FAMILY FITNESS from on or about September 24, 2012 to on or about May 2, 2014, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager, Assistant General Manager and/or Sales Counselor. As a General Manager, Assistant General Manager and/or Sales Counselor, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours

per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

14.     Plaintiff, ROLANDO CASTRO,  is a resident of Frisco, Texas, and was employed by TEXAS FAMILY FITNESS from on or about May 2013 to on or about November 2013, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager, Assistant General Manager and/or Sales Counselor. As a General Manager, Assistant General Manager, and/or Sales Counselor.  Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

15.     Plaintiff, CHASE CORBETT, is a resident of Frisco, Texas, and was employed by TEXAS FAMILY FITNESS from on or about January 1, 2016 to on or about August 20, 2016, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant

-6-

General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

16.     Plaintiff, GREG GAMBY, is a resident of Frisco, Texas, and was employed by TEXAS FAMILY FITNESS from on or about January 27, 2014 to on or about January 31, 2016, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

17.     Plaintiff, DUSTIN GUTKOWSKI, is a resident of Allen, Texas, and was employed

by TEXAS FAMILY FITNESS from on or about July 2, 2013 to on or about September 20, 2016, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

18. Plaintiff, DAMON HODGE, is a resident of Irving, Texas, and was employed by TEXAS FAMILY FITNESS from on or about October 2013 to on or about March 2015, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours

he actually worked.

19.     Plaintiff, LINDSEY ALLENTIA LLOYD, is a resident of Allen, Texas, and was employed by TEXAS FAMILY FITNESS, off and on, from on or about November 2009 to on or about December 2013, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

20.     Plaintiff, ROBBY KARL, is a resident of Frisco, Texas, and was employed by TEXAS FAMILY FITNESS from on or about September 11, 2013 to on or about June 2015, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or

out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

21. Plaintiff, JACOB MARTIN, is a resident of Frisco, Texas, and was employed by TEXAS FAMILY FITNESS from on or about August 31 2013 to on or about February 4, 2015, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

22. Plaintiff, CHRIS MAYS, is a resident of Colony, Texas, and was employed by TEXAS FAMILY FITNESS from on or about February 2013 to on or about February 2014, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager, Assistant General Manager, and/or Personal Trainer. As a General Manager, Assistant General Manager, and/or Personal Trainer. Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8)

hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

23. Plaintiff, HERMAN MCCORD, is a resident of Grand Prairie, Texas, and was employed by TEXAS FAMILY FITNESS from on or about November 2014 to on or about April 2015, at a TEXAS FAMILY FITNESS located in the State of Texas as an Assistant General Manager. As an Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

24. Plaintiff, COLIN PADILLA, is a resident of Chin, California, and was employed by TEXAS FAMILY FITNESS from on or about  to on or about , at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week

and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked. I

25.     Plaintiff, PHILIP POLLARD, is a resident of Ft. Walton Beach, Florida, and was employed by TEXAS FAMILY FITNESS from on or about December 15, 2010 to on or about October 20, 2013, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

26.     Plaintiff, BRENTON ROBINSON, is a resident of Springville, Alabama, and was employed by TEXAS FAMILY FITNESS from on or about November 2012 to on or about June 2014, at a TEXAS FAMILY FITNESS located in the State of Texas as an Personal Trainer and Assistant General Manager. As a Personal Trainer and Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all

minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

27. Plaintiff, WALTER A. RUSH, III, is a resident of Little Elm, Texas, and was employed by TEXAS FAMILY FITNESS from on or about June 16, 2006 to on or about October 18, 2013, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

28. Plaintiff, TIM SPICER, is a resident of Red Oak, Texas, and was employed by TEXAS FAMILY FITNESS from on or about August 31, 2008 to on or about October 20, 2013, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant

General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

29.     Plaintiff, ANTHONY TATE, is a resident of Plano, Texas, and was employed by TEXAS FAMILY FITNESS from on or about January 6, 2006 to on or about October 13, 2013, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

30.     Plaintiff, JEFFREY VOTAW, is a resident of Leander, Texas, and was employed by

TEXAS FAMILY FITNESS from on or about March 2013 to on or about September 27, 2014, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

31.     Plaintiff, TERRY WATSON, is a resident of Terrell, Texas, and was employed by TEXAS FAMILY FITNESS from on or about January 2010 to on or about March 31, 2014, at a TEXAS FAMILY FITNESS located in the State of Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for

the hours he actually worked.

**B.  Defendants**

32.    Defendant, **FT FITNESS OPCO, LLC**, is a foreign Limited Liability Company incorporated in the State of Delaware and whose agent for service of process is Corporation Service Company d.b.a. CSC - Lawyers Incorporating Service Company , 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

33.    Defendant, **TXFF1 LLC**, previously known as TEXAS FAMILY FITNESS LLC, is a Texas Limited Liability Company whose agent for service of process is Capitol Corporate Services, Inc., 206 E. 9th St., Ste. 1300, Austin, TX 78701-4411.

34.    Defendant, **TXFF2 LLC**, previously known as TEXAS FAMILY FITNESS 2 LLC, is a Texas Limited Liability Company whose agent for service of process is Trevor Rogers, 2828 E. Trinity Mills Rd., #225, Carrollton, TX 75006.

35.    Defendant, **TXFF3 LLC**, previously known as TEXAS FAMILY FITNESS 3 LLC, is a Texas Limited Liability Company whose agent for service of process is Capitol Corporate Services, Inc., 206 E. 9th St., Ste. 1300, Austin, TX 78701-4411.

36.    Defendant, **TXFF4 LLC**, previously known as TEXAS FAMILY FITNESS 4 LLC, is a Texas Limited Liability Company whose agent for service of process is Capitol Corporate Services, Inc., 206 E. 9th St., Ste. 1300, Austin, TX 78701-4411.

37.    Defendant, **TXFF5 LLC**, previously known as TEXAS FAMILY FITNESS 5 LLC, is a Texas Limited Liability Company whose agent for service of process is Capitol Corporate Services, Inc., 206 E. 9th St., Ste. 1300, Austin, TX 78701-4411.

38.    Defendant, **TEXAS FAMILY FITNESS 6 LLC**, is a Texas Limited Liability

-16-

Company whose agent for service of process is Trevor Rogers, 2828 E. Trinity Mills Rd., #225 Carrollton, TX 75006.

39. Defendant, **TXFF7 LLC**, previously known as TEXAS FAMILY FITNESS 7 LLC, is a Texas Limited Liability Company whose agent for service of process is Capitol Corporate Services, Inc., 206 E. 9th St., Ste. 1300, Austin, TX 78701-4411.

40. Defendant, **TEXAS FAMILY FITNESS 8 LLC**, is a Texas Limited Liability Company whose agent for service of process is Trevor Rogers, 2828 E. Trinity Mills Rd., #225 Carrollton, TX 75006.

41. Defendant, **TXFF9 LLC**, previously known as TEXAS FAMILY FITNESS 9 LLC, is a Texas Limited Liability Company whose agent for service of process is Capitol Corporate Services, Inc., 206 E. 9th St., Ste. 1300, Austin, TX 78701-4411.

42. Defendant, **TEXAS FAMILY FITNESS 10 LLC**, is a Texas Limited Liability Company whose agent for service of process is Trevor Rogers, 2828 E. Trinity Mills Rd., #225 Carrollton, TX 75006.

43. Defendant, **TEXAS FAMILY FITNESS 11 LLC**, is a Texas Limited Liability Company whose agent for service of process is Trevor Rogers, 2828 E. Trinity Mills Rd., #225 Carrollton, TX 75006.

44. Defendant, **TEXAS FAMILY FITNESS OF CARROLLTON LLC**, is a Texas Limited Liability Company whose agent for service of process is Trevor Rogers, 2828 E. Trinity Mills Rd., #225, Carrollton, TX 75006.

45. Defendant, **TEXAS FAMILY FITNESS OF MESQUITE LLC**, is a Texas Limited Liability Company whose agent for service of process is Trevor Rogers, 2828 E. Trinity Mills Rd.,

#225, Carrollton, TX 75006.

46.    Defendant, **TXFFPE LLC**, previously known as TEXAS FAMILY FITNESS OF PLANO LLC, is a Texas Limited Liability Company whose agent for service of process is Capitol Corporate Services, 206 E. 9th St., Ste. 1300, Austin, TX 78701-4411.

47.    Defendant, **TEXAS FAMILY FITNESS OF WHITE ROCK LLC**, is a Texas Limited Liability Company whose agent for service of process is Trevor Rogers, 2828 E. Trinity Mills Rd., #225, Carrollton, TX 75006.

## IV.   FACTUAL ALLEGATIONS

48.    Plaintiffs allege that at all times hereinafter mentioned, Defendants have been an employer and enterprise engaged in commerce within the meaning of the FLSA. Defendants have employees engaged in interstate commerce. Defendants have an annual gross volume of sales made or business done of not less than $500,000.00. In addition, at all times hereinafter mentioned, Plaintiffs were engaged in commerce as required by 29 U.S.C. §§206-207.

49.    Plaintiffs allege that the Defendants own and operate health and fitness facilities in the State of Texas and the State of Kansas. Defendants either directly or indirectly hired Plaintiffs; controlled Plaintiffs' work schedules and conditions of employment; determined the rates and methods of payment of wages; encouraged, prepared or promoted policies and procedures regarding overtime pay; and kept records regarding Plaintiffs' employment.

50.    Plaintiffs are General Managers, Assistant Managers, Sales Counselors and/or Personal Trainers for TEXAS FAMILY FITNESS. Plaintiffs' duties require and/or required them to sell TEXAS FAMILY FITNESS membership packages and monitor their sales numbers in connection with monthly sales goals.

51.     Plaintiffs did not: (a) manage an enterprise or a recognized department or subdivision of TEXAS FAMILY FITNESS's;  (b)  direct the work of two or more employees; ( c ) have the authority to hire or fire other employees, nor were their suggestions and recommendations concerning hiring, firing, advancement, promotion or any other change of status of other employees given particular weight; (d) perform office or non-manual work directly related to the management or general business operations of TEXAS FAMILY FITNESS's or TEXAS FAMILY FITNESS's customers; (e) exercise discretion or independent judgment with respect to matters of significance; or (f) customarily or regularly engage away from TEXAS FAMILY FITNESS's place or places of business in performing their primary duty.  Moreover, the regular rate of pay of the General Managers, Assistant Managers, and/or Personal Trainers, including Plaintiffs, was not in excess of one and one-half times the applicable minimum hourly rate.  Based on these duties and responsibilities, TEXAS FAMILY FITNESS's General Managers, Assistant Managers and/or Personal Trainers are clearly not exempt from the requirements of the FLSA.

52.     As General Managers, Assistant Managers, Sales Counselors and/or Personal Trainers, Plaintiffs routinely worked in excess of 40 hours per week throughout their employment with TEXAS FAMILY FITNESS.  Specifically, TEXAS FAMILY FITNESS's General Managers, Assistant Managers, Sales Counselors and/or Personal Trainers, including Plaintiffs, worked between 50 and 100 hours per work week, depending on the time of the month and its proximity to the end of TEXAS FAMILY FITNESS's monthly sales cycle and/or sales goals.

53.     TEXAS FAMILY FITNESS's routinely required its General Managers, Assistant Managers, Sales Counselors and/or Personal Trainers to clock out and continue to work off of the clock and/or to falsify their time records to erroneously reflect that they worked less than they

actually did. Defendants also required the General Managers, Assistant Managers, Sales Counselors and/or Personal Trainers to work off of the clock or sign false time cards which was and is a common policy or scheme encouraged by the Defendants. The Defendants specifically required the Personal Trainers to work off the clock performing various job duties and functions with the sole goal of selling and gaining new personal training new clients. The only time the Personal Trainers were allowed to be clocked in and get paid was when they were working with an actual client doing personal training. The average Personal Trainer worked 10-20 hours off the clock and not paid. The Defendants either knew or should have known that its General Managers, Assistant Managers, Sales Counselors and/or Personal Trainers were working off the clock and not being paid the appropriate regular and overtime pay rates. As a result of the Defendants' unlawful compensation policy and scheme, it wrongfully denied its General Managers, Assistant Managers, Sales Counselors and/or Personal Trainers hundreds of thousands of dollars of statutory-required regular and overtime pay.

54.     TEXAS FAMILY FITNESS's acts violate the FLSA, which prohibits the denial of payment of minimum wage for all hours worked and prohibits the denial of overtime compensation for hours worked in excess of forty per work week. As described above, the Defendants' willfully violated Plaintiffs' right to minimum wage and overtime compensation guaranteed under the FLSA.

**V.     COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

55.     Plaintiffs bring their Claim for Relief for Violation of the FLSA as an "opt-in" collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all person who were, are, or will be employed by Defendant, TEXAS FAMILY FITNESS, as General Managers, Assistant General Managers, and Personal Trainers throughout the United States, at any time within the applicable statute of limitations period, who have not been compensated for all

minimum wages and at one and one-half the regular rate of pay for all work performed in excess of forty (40) hours per week.

56. Questions of law and fact common to the FLSA Collective Members as a whole include, but are not limited to, the following:

a. Whether TEXAS FAMILY FITNESS unlawfully failed and continues to fail to pay minimum wages and overtime compensation in violation of the FLSA; 29 U.S.C. §§201, et seq.

b. Whether TEXAS FAMILY FITNESS's failure to pay overtime to its non-exempt FLSA Collective Plaintiffs was willful within the meaning of the FLSA;

c. Whether TEXAS FAMILY FITNESS failed and continues to fail to maintain accurate records of actual time worked by the FLSA Collective Members and prospective FLSA Collective Members;

d. Whether TEXAS FAMILY FITNESS failed and continues to fail to record or report all time worked by the FLSA Collective Plaintiffs and prospective FLSA Collective Members.

e. Whether TEXAS FAMILY FITNESS failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Plaintiffs and prospective FLSA Collective Members.

57. Plaintiffs and FLSA Collective Members are similarly situated, have substantially similar job requirements and pay provisions, and are subject to the Defendants' common practice, policy or plan of refusing to pay overtime in violation of the FLSA and unlawfully characterizing certain FLSA Collective Plaintiffs and FLSA Collective Members as exempt employees.

58.     Plaintiff's claims for relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, for all claims asserted by the Plaintiffs and the FLSA Collective Members (FLSA claims), because the claims of the Plaintiffs are similar to the claims of the members of the prospective FLSA Collective Members.

59.     While the exact number of FLSA Collective Members is unknown to Plaintiffs at the present time, based on information and belief, there are more than 500 such persons. Thus, a collective action is the most efficient mechanism for resolution of the FLSA Collective Members' claims.

60.     The FLSA Collective Members, on behalf of whom Plaintiffs bring this "opt-in" collective action, are similarly situated because they have been or are employed in the same or similar position as individually-named Plaintiffs and were subject to the same or similar unlawful practices as the individually-named Plaintiffs, as described above. The number and identity of other Plaintiffs yet to opt-in and consent to be a Plaintiff may be determined from the records of TEXAS FAMILY FITNESS, and potential Plaintiffs may be notified of the pendency of this action utilizing the payroll records of TEXAS FAMILY FITNESS. At all times during the FLSA Collective Period, all of the FLSA Collective Members were employed in the same or similar job as the Plaintiffs and were paid in the same manner and under the same standard employment procedures and practices as the Plaintiffs.

61.     During the FLSA Collective Period, Defendants were fully aware that the primary duties of Plaintiffs and the FLSA Collective Members were inconsistent with exempt status, and that the FLSA Collective Members were and are not exempt from the overtime provisions of the FLSA.

-22-

62.     The Defendants' violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

63.     The Plaintiffs and the FLSA Collective Members have been damaged by said violations of 29 U.S.C. §207(a).

64.     Pursuant to 29 U.S.C. §207(a) and §216(b), Defendants are liable to the Plaintiffs and the FLSA Collective Members for the full amount of all their unpaid wages, including, overtime compensation, plus an additional equal amount as liquidated damages, plus the attorneys fees and costs of the Plaintiffs and FLSA Collective Members who affirmatively "opt-in" to this collective action.

65.     In addition, an action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by individual members of the FLSA Collective Action may be relatively small, and the expense and burden of individual trials would make it impossible for such FLSA Collective Members to individually redress the wrongs done to them.

66.     Moreover, because of the similarity of the FLSA Collective Members' claims, individual actions would present the risk of inconsistent adjudications subjecting both employees and Defendants to incompatible standards of conduct.

67.     Plaintiffs are currently unaware of the identities of all the FLSA Collective Members. Accordingly, Defendants should be required to provide to Plaintiffs a list of all persons employed by Defendants as General Managers, Assistant General Managers, and Personal Trainers.

## V.   CAUSES OF ACTION

## FLSA CLAIM FOR RELIEF

**[Against Defendant TEXAS FAMILY FITNESS]**
**(FLSA Claims, 29 U.S.C. §§201, *et seq.,***
**Brought by All Plaintiffs on Behalf of Themselves and All FLSA Collective Members)**

68.     Plaintiffs re-allege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs

69.     At all relevant times, TEXAS FAMILY FITNESS has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, TEXAS FAMILY FITNESS has employed, and continues to employ "employee[s]," including the Plaintiffs and each of the FLSA Collective Members.

70.     Defendants operate and at all times during the liability period has operated health and fitness clubs in the States of Texas and Kansas.

71.     Each of the named Plaintiffs consent to sue in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §216(b). Additional potential FLSA Collective Members may execute and file forms consenting to "opt in" and joining as Plaintiffs in this collective action.

72.     The FLSA requires each covered employer, such as the Defendants to compensate each of its non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

73.     The Defendants have employed and continue to employ numerous General Managers, Assistant Managers, Sales Counselors and/or Personal Trainers, including Plaintiffs, to operate their health and fitness clubs.

74.     Plaintiffs and FLSA Collective Members are not exempt from the right to receive

minimum wages and overtime pay under the FLSA and are not exempt from the requirement that the Defendants pay them overtime compensation under the FLSA. The FLSA Plaintiffs and FLSA Collective Members are entitled to be paid overtime compensation for all overtime hours worked.

75.     At all relevant times, the Defendants had a policy and practice of failing and refusing to pay both minimum wages and overtime pay to its General Managers, Assistant Managers, Sales Counselors and/or Personal Trainers for their hours worked in excess of forty (40) hours per week. The Defendants' policy included the failure to provide and/or calculate and/or maintain records of any overtime pay for all overtime hours actually worked according to Federal and State law.

76.     As a result of the Defendants' failure to compensate its General Managers, Assistant Managers, Sales Counselors and/or Personal Trainers, including the Plaintiffs and FLSA Collective Members, for all minimum wages for hours worked and overtime wages for work performed in excess of 40 hours in a work week, the Defendants has violated and continues to violate, the FLSA, including 29 U.S.C. §§207(a)(l) and 215(a).

77.     As a result of the Defendants' failure to record, report, credit, and/or compensate its General Managers, Assistant Managers, Sales Counselors and/or Personal Trainers, including Plaintiffs and FLSA Collective Members, the Defendants has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§2ll© and 215(a).

78.     The foregoing conduct, as alleged, constitute a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

79.     Plaintiffs, on behalf of themselves and FLSA Collective Members, seek damages in

the amount of their respective unpaid overtime compensation, plus liquidated damages, as provided

by the FLSA, 19 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just

and proper.

80. Plaintiffs, on behalf of themselves and FLSA Collective Members, seek recovery of

their attorneys' fees and costs of bringing this action to be paid for by the Defendants as provided

by the FLSA, 29 U.S.C. §216(b).

## VII.    DEMAND FOR JURY TRIAL

81. Plaintiffs hereby demand a jury trial on all causes of action allowed by law.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, **DAVID AMSLER, ROBERTO AVILA, JOSE BENITEZ, DUSTIN BOOKHOUT, ROLANDO CASTRO, CHACE CORBETT, GREG GAMBY, DUSTIN GUTKOWSKI, DAMON HODGE, ROBBY KARL, LINDSEY ALLENTIA LLOYD, JACOB MARTIN, CHRIS MAYS, HERMAN MCCORD, COLIN PADILLA, PHILIP POLLARD, BRENTON ROBINSON, WALTER A. RUSH, III, TIM SPICER, ANTHONY TATE, JEFFREY VOTAW, AND TERRY WATSON**, on behalf of themselves and all members similarly situated pray for relief as follows:

A. Designation of this action as a collective action on behalf of the proposed FLSA

Collective Members asserting FLSA claims, and prompt issuance of notice pursuant to 29 U.S.C.

§2 1 6(b) to all similarly situated members of the FLSA Opt-In action, apprizing them of the

pendency of this action, and permitting them to assert timely FLSA claims in this action by filing

individual Consent to Sue forms pursuant to 29 U.S.C. §216(b), and a tolling of the statute of

limitations on the FLSA Collective Members' claims until the FLSA Collective Members are

provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to Opt-in as Plaintiffs;

B. Designation of Plaintiffs, **DAVID AMSLER, ROBERTO AVILA, JOSE BENITEZ, DUSTIN BOOKHOUT, ROLANDO CASTRO, CHACE CORBETT, GREG GAMBY, DUSTIN GUTKOWSKI, DAMON HODGE, ROBBY KARL, LINDSEY ALLENTIA LLOYD, JACOB MARTIN, CHRIS MAYS, HERMAN MCCORD, COLIN PADILLA, PHILIP POLLARD, BRENTON ROBINSON, WALTER A. RUSH, III, TIM SPICER, ANTHONY TATE, JEFFREY VOTAW, AND TERRY WATSON**, as representatives of the FLSA Collective Members;

C. A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, 29 U.S.C §§201, et seq.;

D. An injunction against TEXAS FAMILY FITNESS and its officers, agents, successors, employees,  representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E. An award of damages, including liquidated and exemplary damages and waiting time penalties and other statutory penalties to be paid by TEXAS FAMILY FITNESS;

F. Costs of action incurred herein, including reasonable attorneys' fees, expert fees and litigation expenses;

G. Pre-Judgment and post-Judgment interest, as provided by law;

H. Any and all other and further legal and equitable relief as this Court deems necessary, just and proper; and

I. Plaintiffs pray for a jury trial on all causes of action allowed by law.

`

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rdalton746@aol.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFFS